316 So.2d 468 (1975)
KENMORE OIL COMPANY
v.
Theresa J. DELACROIX et al.
No. 10298.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Rehearing Denied August 26, 1975.
C. B. Ogden, II, New Orleans, for appellant.
Stephen T. Victory, New Orleans, for appellees.
Before SARTAIN, ELLIS and BARNETTE, JJ.
ELLIS, Judge.
Plaintiff, Kenmore Oil Company, is seeking a writ of mandamus to compel the cancellation of a lien filed against its working interest in a certain oil well. Defendants are Theresa J. Delacroix, Clerk of Court of Iberville Parish, and Martin Exploration Corporation, which filed the lien. After trial on the merits, judgment was rendered dismissing plaintiff's petition and plaintiff has appealed.
Martin Exploration Corporation is the operator of an oil well in which plaintiff claims a working interest. Its president is Ken G. Martin. Kenmore is a former operator of the well, in which it claims a 14.5833% *469 interest. Its president is Frank A. Ashby, Jr. and its vice-president is F. Rivers Lelong.
There is a dispute between Mr. Martin, on one hand, and Kenmore, Mr. Ashby and Mr. Lelong on the other, as to the ownership of the above 14.5833% interest. Mr. Martin claims that the interest is owned by himself, Mr. Ashby and Mr. Lelong in proportions of 4.8611% each. Kenmore and its officers claim the entire interest belongs to Kenmore. This dispute is presently in litigation in a different judicial district.
As operator of the well, the Martin Corporation has billed Mr. Ashby and Mr. Lelong each for 4.8611% of the operating expenses of the well. These two gentlemen, who claim no such ownership individually, have not paid the bills. No bills have been sent to Kenmore for any amount, and it has made no payments. Mr. Martin has been billed for, and has paid, 4.8611% of the expenses of operating the well.
At a time unknown, Martin Exploration Corporation filed a lien in the records of Iberville Parish. Neither party to this suit offered it in evidence. However, plaintiff's petition alleges and defendants' answer admits that it was filed and that one of the parties liened thereby was Kenmore.
We are also informed by the pleadings that the lien was filed pursuant to R.S. 9:4861, which provides in part:
"Any person . . . who performs any labor or service in the operation or in connection with the operation of any oil, gas, or water well or wells, has a privilege on all oil or gas produced from the well or wells, and the proceeds thereof injuring to the working interest therein. . ."
It is plaintiff's contention that the above provision is for the benefit of those who actually furnish materials, supplies, labor and other services in connection with the operation of the well, and offers no protection to the operator of the well, who acts for the owners of the working interest therein.
The record shows that the operator of a well procures the services necessary to its operation, is obligated to pay for them, and handles all book work and paper work in connection with the operation of the well, and the privilege created by R.S. 9:4861 is afforded to "any person" rendering such services.
Plaintiff further contends that, since R.S. 9:4861 granted the privilege against the entire working interest in the well, it cannot be exercised against a fractional interest therein.
Although the points raised herein were not specifically ruled on, the privilege was extended to an owner-operator, against the holder of a fractional working interest, in the case of Blasingame v. Anderson, 236 La. 505, 108 So.2d 105 (1959).
We can see no reason, either under the terms of R.S. 9:4861 or as a matter of policy, why the operator should not enjoy the privilege or why he might not exercise it against less than all of the working interest.
Finally, it is contended by Kenmore that, because it was not billed for the services, it should not be subject to a lien for not having paid for them. It is apparent that no party to this case wants to do anything which might be interpreted as jeopardizing his position in the case involving ownership of the working interest. Martin does not want to bill Kenmore, because that might be construed as admitting its ownership. Ashby and Lelong do not want to pay, because that might be construed as admitting their ownership. We, of course, must decide this case on the basis of the record before us.
Kenmore has alleged its ownership of an interest in the well, and Martin Exploration has denied it. No evidence was offered *470 by Kenmore to prove ownership, and it bears the burden of doing so by a preponderance of the evidence. Kenmore has therefore failed to show that it was entitled to be billed as the owner of a fractional working interest. It is not entitled to have the lien cancelled because of the alleged failure of Martin Exploration to do so.
We are of the opinion that plaintiff, on the showing made, is not entitled to a writ of mandamus to compel the cancellation of the lien. The judgment appealed from is affirmed, at plaintiff's cost.
Affirmed.